# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ZACHARY SIMMONS,

    *Petitioner*,

vs.

STATE OF NEVADA*, et al.,*

    *Respondents*.

3:13-cv-00604-RCJ-WGC

ORDER

This habeas matter by a Nevada state inmate comes before the Court for initial review. The papers presented are subject to substantial defects.

First, petitioner did not properly commence the action by either paying the $5.00 filing fee or filing an application to proceed *in forma pauperis* with all required attachments. Under Local Rule LSR 1-2, a petitioner must attach both a financial certificate executed by an authorized institutional officer and a statement of his inmate account statement for the prior six months. Petitioner did not sign the inmate acknowledgments in the financial certificate, did not have the remainder of the form executed by an authorized institutional officer, and partially filled in that portion of the form by some other individual. Petitioner further did not attach a copy of his inmate account statement for the prior six months. Petitioner instead must comply with all requirements of the form and its required attachments.

Second, petitioner did not name a proper respondent. Petitioner must name his immediate physical custodian as respondent in order to invoke the Court's habeas jurisdiction. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426 (2004). He instead named the State of Nevada.

Petitioner may not bring a civil action in federal court directly against the State of Nevada because of the state sovereign immunity recognized by the Eleventh Amendment, regardless of the relief sought.

Due to these multiple defects, the petition in this improperly-commenced action will be dismissed without prejudice. It does not appear that a dismissal without prejudice to a new action would materially impact adjudication of any issue in a promptly filed new action or otherwise cause substantial prejudice.[1]

IT THEREFORE IS ORDERED that petitioner's application (#1) to proceed *in forma pauperis* is DENIED without prejudice and that this action shall be DISMISSED without prejudice to the filing of a new petition on the required form with a pauper application with all required financial attachments in a new civil action under a new docket number.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the dismissal of this improperly-commenced action to be either debatable or incorrect, given the absence of any substantial prejudice to petitioner from the dismissal without prejudice. See text at note 1 and note 1, *supra*.

---

[1] The online records of this Court and the state courts reflect the following.

This Court dismissed a prior federal habeas petition by petitioner challenging the same judgment of conviction as untimely in No. 2:09-cv-01044-PMP-PAL. The Court denied a certificate of appealability, and petitioner did not seek to appeal the October 20, 2009, dismissal in that action. A subsequent federal habeas petition seeking to challenge the same judgment of conviction after a prior federal petition has been denied as untimely constitutes a second or successive petition. *McNabb v. Yates*, 576 F.3d 1028 (9th Cir. 2009).

A review of the online records of the state courts does not reveal any proceedings that would detract from a conclusion that a second federal petition would be both successive and untimely. Since the time of the last federal court dismissal, the state supreme court has rejected petitioner's attempt to pursue an also successive and untimely second state petition. See Supreme Court of Nevada No. 57929 (July 13, 2011, order of affirmance).

The present dismissal without prejudice therefore will not materially impact the analysis in a properly and promptly commenced new action as to whether the petition is successive and/or untimely and/or as to any other material issue of substance.

Nothing in this order directs petitioner to file any proceeding, grants him permission to do so, and/or opines as to the propriety of any type of procedural vehicle, whether in this Court or another. The Court simply is dismissing the present improperly-commenced action without prejudice. The Court in particular makes no express or implied holding that petitioner may seek federal habeas relief at this juncture without first obtaining permission from the Court of Appeals to pursue a second petition. See 28 U.S.C. § 2244(b)(3).

1  The Clerk of Court shall SEND petitioner with this order two copies each of a noncapital § 2254 habeas petition form and a prisoner pauper application along with one copy of the instructions for the pauper form and of the papers submitted in this action.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: This 6th day of November, 2013.

_____
ROBERT C. JONES
Chief United States District Judge